The Honorable Mark Riable State Representative 16611 Burlington Road Little Rock, Arkansas 72211
Dear Representative Riable:
This is in response to your request for an opinion on four question regarding the establishment and maintenance of a library by a city of the second class. Specifically, your four questions are as follows:
 1. May a city of the second class establish and maintain a public library for the benefit of its inhabitants pursuant to A.C.A. § 13-2-501 or any other statutory authority?
 2. Are the limitations on the amount of taxes (millage) that can be levied by the cities and towns set out in A.C.A. § 26-25-102 or are there other statutory guidelines?
 3. When the county already has a library millage of one mill in place (which is not pledged to retire a bonded indebtedness) will the county's one mill tax be suspended on all property located within the second class city, which is subsequently subjected to a city library tax?
 4. In lieu of levying its own library tax, may the city and county negotiate and agree upon a fair allocation of the existing county one mill library tax?
It is my opinion, in response to your first question, that a city of the second class in all likelihood does have the authority, by the enactment of an ordinance, to establish and maintain a public library. See A.C.A. § 13-2-501(a) (Cum. Supp. 1993). Although this statute, in subsection (a) does not mention cities of the second class, neither does it restrict its provisions to cities of the first class, as distinguished from subsection (b) of the statute. If the legislature had intended, in 1931, upon the original enactment of the statute, to restrict the provisions of subsection (a) to cities of the first class, it could have easily so stated, as it did with the provisions of subsection (b).[1] It is therefore my opinion that A.C.A. § 13-2-501
does grant cities of the second class the authority to establish and maintain a public library for its inhabitants.[2]
In response to your second question, in my opinion the limitation on the amount of millage which can be levied for a library in a city of the second class is also set out in A.C.A. § 13-2-501. Subsection (c) of this statute provides as follows:
 When a library or reading room has been established, the city council or properly constituted municipal authorities may allot, for library purposes, a maximum appropriation of one-half (1/2) mill from the revenue derived from all real and personal property within the city limits to be used exclusively for the maintenance of the library or reading room.
This is the applicable provision, assuming that the provisions of Arkansas Constitution, Amendment 30 do not apply. This amendment applies only in cities with populations not less than 5,000. Because your question refers to a city of the second class, I assume that the city does not have a population over 5,000. Seegenerally, A.C.A. § 14-37-103 (1987). It would thus not be eligible to levy the higher millages authorized by Amendment 30 (as amended by Amendment 72 to the Arkansas Constitution).
I have also, in response to your question, enclosed for your review a copy of Op. Att'y Gen. 91-376, which discusses alternate methods of financing for public libraries, including sales taxes.
It is my opinion that the answer to your third question is "no." Although Amendment 38, which applies to county library millages, is very clear on the fact that "such tax[es] shall not be levied against any real or personal property which is taxed for the maintenance of a city library, pursuant to the provisions of Amendment No. 30 . . ." (see Amendment 38, § 2 and Op. Att'y Gen.93-395) it appears with regard to your question that the city millage levied will not be levied "pursuant to the provisions of Amendment No. 30." It may thus be concluded under Amendment 38 that the county library millage will not be suspended on city real and personal property which is subjected to the regular city millage, a portion of which is allotted to the library under the provisions of A.C.A. § 13-2-501.
It is my opinion that the answer to your fourth question is also "no." Amendment 38, § 2 provides that "[t]he proceeds of any tax voted for the maintenance of a county public library or county library service or system shall be segregated by the county officials and used only for that purpose." It is my opinion, therefore, that the county tax may not be used to support a city library. Section 4 of the Amendment, however, provides that "[n]othing herein shall be construed as preventing the coordination of the services of a city public library and county public library. . . ." In my opinion, however, this language could not be construed as authorizing the county to give a portion of the county millage to support a city library. Seegenerally, in this regard, Op. Att'y Gen. 89-026 (copy enclosed).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosures
[1] The statute was amended in 1991 to add language regarding the enactment of an ordinance to this effect by the city. See Act 417 of 1991.
[2] This is true, in my opinion, despite the fact that this statute pre-dates Arkansas Constitution, Amendment 30, which authorizes cities to levy millages to support public libraries. The legislature, as noted in note 1, above, has amended this statute as recently as 1991.